Case 2:01-cv-00623-ELN-TMP   Document 11   Filed 09/14/01   Page 1 of 2

FILED
01 SEP 14 PM 1:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| WAYNE DANIEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV 01-N-623-S |
| ) | |
| WARDEN HALLIDAY, et.al., ) | |
| ) | |
| Defendants. ) | |

ENTERED
SEP 14 2001

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on June 19, 2001, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed for failing to state a claim upon which relief can be granted under 28 U.S.C. § 1915A(b). The plaintiff filed objections to the report and recommendation on June 25, 2001.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. The Court would further note that plaintiff has made an allegation that he was denied equal protection of the law (Document #s 5 and 6) because Warden Halliday removed him from work release. Plaintiff contends Warden Halliday did this "knowingly and intentionally, because he wanted to, other inmates who were similiar (sic) and/or situated like Plaintiff was not put in lock up (such as detainers, pending cases going back to Court, and etc.). Also at this time Warden Halliday owed Plaintiff a small sum of money which he has not paid." (Document 5, at 4).



"To prove an equal protection claim, [a prisoner] must show treatment that was invidiously dissimilar from that accorded other inmates, with no rational basis existing for the difference in treatment." *Flittie v. Solem*, 827 F.2d 276, 281 (8th Cir. 1987). *See also Clark v. Groose*, 36 F.3d 770, 772 (8th Cir. 1994), *cert. denied*, 514 U.S. 1018 (1995). Plaintiff does not deny that a federal detainer was present in his file, he does not dispute the validity of the detainer and he does not deny that the existence of detainer on his record is a legitimate ground for his removal from work release. Further, plaintiff has not identified any inmates to support his conclusory claim that some inmates have been allowed to remain in work release despite detainers or outstanding warrants. Plaintiff's equal protection claim is therefore due to be dismissed.

Accordingly, the complaint is due to be dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b). An appropriate order will be entered.

DATED this 14th day of Sept., 2001.

---
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

2